```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ASAF BEN OZ,                        :

                Plaintiff,          :    09 Civ. 5532 (RJH)(HBP)

    -against-                       :    MEMORANDUM OPINION
                                         AND ORDER
HARRY LOROWITZ,                     :

                Defendant.          :

-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

I. Introduction

        By notice of motion dated September 16, 2010 (Docket Item 29), plaintiff moves for an Order pursuant to Rule 37 of the Federal Rules of Civil Procedure striking defendant's answer or, in the alternative, precluding defendant's three expert witnesses from testifying or otherwise offering evidence in this matter, and awarding plaintiff the costs and attorney's fees he incurred in making this motion.  For the reasons set forth below, plaintiff's motion is granted to the extent that it seeks (1) to preclude defendant's experts from testifying or offering evidence and (2) the fees and costs plaintiff incurred in making this motion; the motion is denied to the extent it seeks other relief.

II.  Facts

This is a diversity action arising out of an automobile accident in which plaintiff alleges he sustained personal injuries when his car was allegedly rear-ended by defendant's car. At defendant's request, plaintiff has been examined by three physicians that defendant intends to call at trial.  Subsequent to the examinations of plaintiff, plaintiff's counsel subpoenaed defendant's physicians, seeking both testimony and documents. The parties had a dispute concerning the documents plaintiff requested from the experts, and I conducted a conference call on August 20, 2010 to resolve the dispute.  As a result of that conference call I issued an Order which provided, in pertinent part:

> 1.  Plaintiff's application to compel defendant's examining physicians to produce documents is granted in part and denied in part as follows:
>
> (a) For the two-year period preceding the date on which each of the physicians completed his report concerning plaintiff, each physician is to produce all other reports concerning a claimant asserting a spinal injury that were prepared at the direct or indirect request of a liability insurance company.  The physicians may redact all identifying information other than age and gender.
>
> (b) For calendar years 2008 and 2009, all Form 1099's received by each physician from a liability insurance company, law firm retained by a liability insurance company or service company retained by a liability insurance company.

>     Plaintiff's application to compel production of docu-
>     ments is denied with respect to all other categories of
>     documents to which the defendant[] and [his] physicians
>     object.

(Order dated August 20, 2010 (Docket Item 26)).

In an effort to obtain defendant's compliance with my August 20, 2010 Order, plaintiff's counsel wrote to defendant's counsel on August 23, September 3 and September 7, 2010 seeking the documents that were ordered produced and seeking deposition dates; defendant, however, failed to produce the documents and also failed to offer deposition dates (Declaration of David Jaroslawicz, Esq., dated September 16, 2010 ("Jaroslawicz Decl.") (Docket Item 30), ¶ 10 and Ex. H thereto). On September 13, 2010, plaintiff's counsel wrote to the undersigned, with a copy to defense counsel, seeking sanctions as a result of defendant's failure to comply with my August 20, 2010 Order. In light of the severity of the relief sought, I directed plaintiff to proceed by way of formal motion (Endorsed Order dated September 14, 2010 (Docket Item 28)). Plaintiff subsequently served the present motion on September 16, 2010.

On or about October 5, 2010, defendant produced some of the reports prepared by two of defendant's three examining physicians (Drs. Berkowitz and Rosenblum) and a statement prepared by one of the agencies for which those physicians work

reflecting what that agency has paid the two physicians.[1]  Nothing was produced with respect to defendant's third physician (Dr. Carter).  The defendant's excuse for the limited and untimely production by Drs. Berkowitz and Rosenblum was, in essence, that they were too busy to comply with my Order; Dr. Carter refused to make any production, claiming that the records ordered produced were confidential (Affirmation of Cesar O. Bilbao, Esq., dated October 5, 2010 ("Bilbao Aff.") (undocketed) ¶¶ 3-9 and Exs. A-D thereto).

On March 2, 2011, more than six months after my August 20, 2010 Order, defendant produced an additional 190 pages of reports from Dr. Rosenblum.  Defendant also produced what appears to be a list of cases in which Dr. Carter testified.  However the only information on this list is a date, the name of a court and the name of an individual.  The list of courts, in most cases, merely identifies the type of court (e.g., "NY Supreme," "Federal Court") and does not provide sufficient information to identify the specific court in which the action was pending.  In addition, no docket numbers are given.  The list is not sufficient to

---

[1] It appears that Drs. Berkowitz and Rosenblum have no regular patients and make their living by examining individuals in connection with litigations and arbitrations (see Jaroslawicz Decl. ¶ 5).  It further appears that they market their services through one or more agents.

enable plaintiff to identify the prior cases in which Dr. Carter testified.

III.  Analysis

Rule 37(b)(2) provides that a court may impose sanctions against a party that "fails to obey an order to provide or permit discovery . . . ."  Salahuddin v. Harris, 782 F.2d 1127, 1132-33 (2d Cir. 1986).  Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, "notwithstanding a lack of wilfulness or bad faith, although such factors 'are relevant . . . to the sanction to be imposed for the failure.'"  Auscape Int'l v. Nat'l Geographic Soc'y, 02 Civ. 6441 (LAK), 2003 WL 134989 at *4 (S.D.N.Y. Jan. 17, 2003) (Kaplan, D.J.), quoting 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2283, at 608 (2d ed. 1994); see Melendez v. Ill. Bell Tel. Co., 79 F.3d 661, 671 (7th Cir. 1996) ("Bad faith . . . is not required for a district court to sanction a party for discovery abuses.  Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant." (citations omitted)); Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 78, 88 (D.D.C. 1998) ("In making the determination of whether to impose sanctions, Rule 37(b)(2) does not require a showing of willfulness or bad

5

faith as a prerequisite to the imposition of sanctions upon a party." (citations omitted)).  The decision to impose sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of discretion." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990), citing, inter alia, Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam); see Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2) . . . . "); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) (same); Dove v. City of New York, 06 Civ. 1096 (SAS), 2006 WL 3802267 at *2 (S.D.N.Y. Dec. 26, 2006) (Scheindlin, D.J.) (same); see generally Southern New England Tel. Co. v. Global NAPS Inc., 624 F.3d 123, 144-45 (2d Cir. 2010).

     Rule 37(b)(2) directs a court to "make such orders in regard to the failure as are just," including, inter alia, striking the party's pleading, precluding the introduction of certain evidence, or dismissing the action or rendering a judgment by default.  Fed.R.Civ.P. 37(b)(2).  Additionally, the court must impose reasonable expenses and attorney's fees on the disobedient party "unless the court finds that the failure was

substantially justified or that other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 37(b)(2).

"In deciding whether to impose sanctions under Rule 37, the Court considers the following factors:  '(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance.'  Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849 (2d Cir. 1995))."  Oseni v. Tristar Patrol Servs., 05 Civ. 2875 (RJD)(LB), 2006 WL 2972608 at *7 (E.D.N.Y. Oct. 18, 2006); accord Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009).

The harsher remedies, such as preclusion of certain evidence, while permitted under Rule 37, "should be imposed only in rare situations . . . ."  Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).  "Such a severe sanction is justified 'when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable."  Izzo v. ING Life Ins. & Annuity Co., 235 F.R.D. 177, 186 (E.D.N.Y. 2005), quoting Daval Steel Prods. v. M/V Fakredine, supra, 951 F.2d at 1365.

7

With respect to Dr. Carter, the resolution of the motion is easy. He has categorically refused to produce the documents he was ordered to produce. To the extent he asserts confidentiality concerns as the basis for is refusal, his objection is baseless; my August 20, 2010 expressly permitted all of defendant's physician witnesses to redact all patient-identifying information. Accordingly, defendant is precluded from offering either directly or indirectly any evidence from Dr. Carter.

With respect to Drs. Berkowitz and Rosenblum, it is somewhat of a closer case, but not by much. Their reason for failing to comply with my August 2010 Order is that they are too busy to do so (Bilbao Aff. ¶ 3). If a physician were constantly "on call" in and emergency room or out of the country for an extended period volunteering his or her services in response to a natural or man-made emergency, such an excuse might have weight. In the absence of a more detailed explanation, however, this explanation has little weight.

As far as the efficacy of lesser sanctions is concerned, it appears that no lesser sanction is will remedy plaintiff's deprivation of the discovery or deter others from engaging in similar conduct. See Agiwal v. Mid Island Mortg. Corp., supra, 555 F.3d at 303. I have already determined that the records sought are necessary for plaintiff to cross-examine

defendant's experts -- a determination which defendant never challenged. No sanction other than preclusion will remedy the fact that plaintiff has been deprived of relevant discovery. I also note that I have considered issuing another order to produce to the recalcitrant witnesses, but I conclude that such an Order would not be effective. Drs. Berkowitz and Rosenblum have already ignored one order; there is no reason to believe they will comply with a second one. Moreover, limiting the remedy to a second order to produce sends an inappropriate message. It would effectively tell parties and witnesses that they can ignore a court's initial discovery order and suffer no greater punishment than a second order directing that they do what they were ordered to do the first time.

The period of noncompliance is substantial. More than six months have passed since my August 2010 Order, and there has been no confirmation that the production of reports of past examinations is complete nor have any 1099's been produced.

Finally, defendant has had adequate warning of the consequences of non-compliance. My Order of September 14, 2010 (Docket Item 28) was endorsed on a letter from plaintiff seeking a default judgment, yet the defendant's witnesses persisted in their non-compliance. Defendant knew since September of last

year that plaintiff regarded the default seriously and that the ability of their experts to testify in this matter was at stake.

Accordingly, all of the relevant factors point to the imposition of a more severe sanction, and I conclude that the sanction of preclusion is appropriate.  I decline to recommend the entry of a default judgment in light of the strong policy in this Circuit of resolving cases on the merits.

Finally, unless defendant's position was "substantially justified," I "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees caused by the failure . . . ."  Defendant's failure to comply with my Order was not substantially justified.  I find that reasonable compensation to plaintiff for the making of the present motion is $1,000.00.  I appreciate, however, that reasonable compensation is not a single number but is a range of numbers.  Plaintiff is to advise my chambers within fourteen (14) days if he wishes to seek a different amount for costs and fees.  Defendant is also to advise me within fourteen (14) days whether he wishes to challenge the sum that I believe is reasonable compensation for the motion.  Silence will be construed as consent to the $1,000.00 figure.  If either side challenges the amount, I shall, of course, revisit the fees to be

awarded de novo; the $1,000.00 will be irrelevant to such review and will serve as neither a floor nor a ceiling.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to for sanctions based on defendant's failure to comply with my August 20, 2010 discovery Order (Docket Item 29) is granted to the extent that defendant is precluded from offering either directly or indirectly the testimony of Drs. Berkowitz, Rosenblum and Carter; the motion is denied to the extent that it seeks more severe sanctions. Unless either side wishes to challenge the sum, plaintiff is also awarded $1,000.00 pursuant to Fed.R.Civ.P. 37(b)(2)(C) as reasonable for the making of the present motion. If either side objects to this sum, they are to serve and file their objections within fourteen (14) days of the date of this Order. If no objection is filed, the sum is to be paid within twenty-one (21) days of the date of this Order.

Dated:  New York, New York
        March 7, 2011

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

11

Copies transmitted to:

David Jaroslawicz, Esq.
Jaroslawicz & Jaros, LLC
24th Floor
225 Broadway
New York, new York  10007

Cesar O. Bilbao, Esq.
Caulfield Law Office
12th Floor
One Whitehall Street
New York, New York  10004