UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASAF BEN OZ,

                Plaintiff,

    - against -

HARRY LOROWITZ,

               Defendant.

No. 09 Civ. 5532 (RJH)

**MEMORANDUM OPINION AND ORDER**

---

Richard J. Holwell, District Judge:

    Plaintiff Asaf Ben Oz ("Oz") brought this personal injury action arising out of a rear-end collision allegedly caused by the negligence of Defendant Harry Lorowitz ("Lorowitz"). Oz has moved for partial summary judgment on the issue of liability. Lorowitz opposes that motion and has cross-moved for summary judgment. For the following reasons, Oz's motion for partial summary judgment is GRANTED and Lorowitz's motion for summary judgment is DENIED.

## I. BACKGROUND

    On Sunday, January 11, 2009, at some time between 12:00 and 1:00 p.m., Lorowitz left his sister's apartment at East Fortieth Street and Second Avenue in Manhattan, got into his 2005 Hyundai, and began driving south on Second Avenue. (Kirsch Dec. Ex. D at 1, 4.) Lorowitz was headed to pick up his nieces at Sunday school on East Fourteenth Street between First and Second Avenue. (*Id.* at 4.) Traffic was light and the road was dry. (*Id.* at 6, 8; Ex. E at 1.) As Lorowitz approached the intersection of East Twentieth Street and Second Avenue, he was travelling in the left-hand lane at approximately ten miles-per-hour. (Ex. D at 6, 12.) Some time before Lorowitz reached

1

the intersection, the traffic light turned red at least in the far left lane and Oz had stopped his Ford Explorer in that lane. (*Id.* at 7; Ex. E at 1.) Seeing Oz's vehicle ahead of him, Lorowitz attempted to shift into the lane immediately to the right when "[a]ll of a sudden, two lanes over, a cab came speeding along and then shifted into the" lane into which Lorowitz intended to turn. (*Id.* at 6-7.) Lorowitz was "trying to maneuver and "avoid the cab that was speeding along," but, in returning to the far left lane, he collided with the right rear of Oz's vehicle. (*Id.* Ex. D at 7; Ex. A at 1.) According to the police report, Lorowitz stated "that he was trying to go around [Oz's vehicle] when another vehicle blocked him from changing lanes. Upon coming back into [the left lane], he struck" Oz's vehicle." (*Id.*)

This collision caused damage to Lorowitz's vehicle and, allegedly, significant injury to Oz, including herniated disks, nerve damage, neck pain and spasms, and severe back pain. (*Id.* Ex. D at 8.) As a result of these injuries, Oz has required steroid injections and extensive diagnostic testing and has experienced difficulty sleeping, engaging in physical activity, and working. (Compl. ¶ 17.)

Oz filed this action on June 16, 2009. Lorowitz answered on July 6, 2009. Both Oz and Lorowitz were deposed on October 30, 2009. On the basis of those depositions and the police report of the accident, Oz moved [8] for partial summary judgment on the issue of liability. Lorowitz opposed that motion and cross-moved [23] for summary judgment. The action was reassigned [27] to this Court on September 3, 2010.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In ruling on a motion for summary judgment, the district court is required to 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" *Kessler v. Westchester County Dep't of Soc. Serv.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 216 (2d Cir. 2001)). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008). "Unless the nonmoving party offers some hard evidence showing that its version of the events is not wholly fanciful, summary judgment is granted to the moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (quotation marks omitted).

### III. DISCUSSION

New York law governs this diversity action. *Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 650 (2d Cir. 1994). "Under New York law, a rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty of explanation on the operator of that vehicle." *DeJesus v. Rafael*, No. 00-CV-5137, 2002 WL 31925501, at *2 (S.D.N.Y. Dec. 31, 2002) (citing *Mascitti v. Greene,* 673 N.Y.S.2d 206 (2d Dep't 1998) *and Leal v. Wolff*, 638 N.Y.S.2d 110 (2d Dep't 1996)); *see also Guzman v. Schiavone Const. Co*, 772 N.Y.S.2d 25, 26 (1st Dep't 2004); *Bucceri v. Frazer*, 746 N.Y.S.2d 185, 187 (2d Dep't

3

2002). "The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision because he or she is in the best position to explain whether the collision was due to a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or some other reasonable cause." *Leal*, 638 N.Y.S.2d at 111; *see also Stringari v. Peerless Importers, Inc*, 757 N.Y.S.2d 554, 555 (1st Dep't 2003). "If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." *Leal*, 638 N.Y.S.2d at 111-12.

Since Oz alleges that Lorowitz rear-ended his vehicle while Oz was stopped at a red light, Oz has made out a prima facie case that Lorowitz was negligent and the burden shifts to Lorowitz to produce evidence supporting a non-negligent explanation. Invoking the so-called emergency doctrine, Lorowitz points to his deposition testimony that he collided with Oz's vehicle in the left lane only because he had to avoid a speeding cab swerving into the adjacent lane. The emergency "doctrine recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context." *Rivera v. New York City Transit Auth.*, 77 N.Y.2d 322, 327 (1991). "However, the emergency doctrine typically is inapplicable to routine rear-end traffic accidents." *Johnson v. Philips*, 690 N.Y.S.2d 545, 548 (1st Dep't 1999). And "[a] driver confronted with an emergency situation may still be found to be at fault for the resulting accident where his or her reaction is found to be unreasonable or where the prior

4

tortious conduct of the driver contributed to bringing about the emergency." *Mehring v. Cahill*, 707 N.Y.S.2d 125, 127 (2d Dep't 2000).

Oz makes two responses to Lorowitz's invocation of the emergency doctrine. First, Oz contends that Lorowitz is barred from invoking the emergency doctrine because Lorowitz did not raise emergency as an affirmative defense in his answer. (Oz Reply at 2.) Oz cites two New York cases for that proposition, *Franco v. G. Michael Cab Corp.*, 898 N.Y.S.2d 186 (2d Dep't 2010), and *Bello v. Transit Authority of New York City*, 783 N.Y.S.2d 648 (2d Dep't 2004). But the Federal Rules of Civil Procedure, not the CPLR, govern pleading in a diversity action in federal court. Under Federal Rule 8(c), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(C)(1). "Generally," then, 'a failure to plead an affirmative defense results in a waiver.'" *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank,* 392 F.3d 520, 526 (2d Cir. 2004) (quoting *Travellers Int'l, A.G. v. Trans World Airlines, Inc.,* 41 F.3d 1570, 1580 (2d Cir. 1994)). However, "a district court may still entertain affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings." *Saks v. Franklin Covey Co.,* 316 F.3d 337, 350 (2d Cir. 2003). "In such circumstances, a district court, may construe the motion for summary judgment as a motion to amend defendant's answer." *Id.* at 350-351. (quotation marks omitted).

Oz has not pointed to any prejudice from consideration of Lorowitz's emergency doctrine defense. Nor does it seem that Oz could show prejudice where he was on notice that Lorowitz intended to defend on the ground that the collision was unavoidable due to the swerving cab after Lorowitz offered that explanation at his deposition. Accordingly,

5

the Court will consider Lorowitz's emergency doctrine defense.  *See Monex Fin. Serv. Ltd. v. Nova Info. Sys. Inc.*, 657 F .Supp. 2d 447, 457 (S.D.N.Y. 2009); *Arias-Zeballos v. Tan*, No. 06-CV-1268, 2008 WL 833225, at *4 n. 3 (S.D.N.Y. Mar. 28, 2008); *Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185, 191 (S.D.N.Y. 2007).  *Accord Edwards v. New York City Transit Auth.*, 829 N.Y.S.2d 462, 463 (1st Dep't 2007) ("Even if there were some details unknown to plaintiff, the deposition of the bus driver provided a detailed description of the Transit Authority's claim of an emergency stop, vitiating any later claim of surprise by plaintiff.") (citing *Bello*, 783 N.Y.S.2d 648).

On the merits, Oz also argues that Lorowitz's explanation that he was forced to avoid the swerving cab is not an emergency as a matter of law.  (Oz Reply at 2-3.)  "Although the existence of an emergency and the reasonableness of a party's response to it will ordinarily present questions of fact they may in appropriate circumstances be determined as a matter of law."  *Bello*, 783 N.Y.S.2d at 650 (internal citation omitted).  And, indeed, the New York Appellate Division has found summary judgment appropriate in circumstances nearly identical to those in this case.  In *Mead v. Marino*, 613 N.Y.S.2d 650 (2d Dep't 1994),"it [wa]s uncontroverted that the plaintiff's vehicle stopped in rush hour traffic, with the defendants' vehicle situated 30 feet behind.  The defendant accelerated in an attempt to change lanes.  When her entry into the adjacent lane was blocked, the defendants crashed into the rear of the plaintiff's vehicle."  *Id.* at 651.  Reversing the denial of summary judgment on the issue of liability, the Appellate Division held that "the defendant's failure to anticipate and react to the eventuality that she would be unable to move her vehicle into the left lane as planned precluded application of the emergency doctrine."  *Id*.

The record reveals no reason why the same is not true here. "[D]rivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident." *Johnson*, 690 N.Y.S.2d at 547 (quotation marks omitted). Moreover, under New York law Lorowitz "was obligated to maintain a safe rate of speed and a reasonable distance between the vehicles." *Jacobellis v. New York State Thruway Auth.*, 858 N.Y.S.2d 786, 788 (2d Dep't 2008) (citing N.Y. Veh. and Traf. Law § 1129). *Cf. id.* § 1128(a)). Thus where Lorowitz saw Oz's vehicle in front of him before he tried to change lanes while traveling ten miles-per-hour, his explanation that he was forced into the collision to avoid a swerving cab blocking his lane change is insufficient to establish an emergency as a matter of law. Indeed, where a defendant sees the plaintiff's vehicle stopped ahead of him, a defendant cannot invoke the emergency doctrine as a defense to a rear-end collision on the ground that another vehicle, like the cab here, unexpectedly changed lanes. *See Johnston v. El-Deiry*, 645 N.Y.S.2d 878 (2d Dep't 1996) (granting summary judgment to plaintiff where defendant saw plaintiff's vehicle stopped ahead but claimed that he rear-ended plaintiff because a jeep between his vehicle and plainitff's unexpectedly swerved to change lanes).

The cases cited by Lorowitz are not to the contrary. Those cases do involve a situations where a third vehicle has cut off the defendant, as Lorowitz claims the cab did here, causing the defendant to either stop short or rear-end another vehicle. *See Kuci v. Manhattan & Bronx Surface Transit Operating Auth.*, 88 N.Y.2d 923 (1996) (granting new trial where court refused emergency instruction even though "the bus driver's testimony indicated that the car on his left suddenly and unexpectedly pulled in front of the moving bus"); *Barath v. Marron*, 684 N.Y.S.2d 553, 554-55 (2d Dep't 1998) (finding

7

that emergency instruction was proper where plaintiff stopped short after being cut off); *Galtis-Orengo v. MCL Imports*, 674 N.Y.S.2d 58, 59 (2d Dep't 1998) (reversing summary judgment for plaintiff where a third vehicle "crossed over two lanes of traffic . . . and cut in front of [the plaintiff's] car causing it to stop short"); *Reid v. Courtesy Bus Co.*, 651 N.Y.S.2d 612, 613 (2d Dep't 1996) (reversing summary judgment where a "truck pulled out from the parking lane, forcing his vehicle into the center lane"). But, unlike *Mead v. Marino*, none of these cases involves the situation where a defendant saw the plaintiff ahead of him, tried to change lanes, but was cut off.

Lorowitz argues that "there is no evidence in the record to support a finding that [he] was following the plaintiff's vehicle too closely prior to the impact." (Lorowitz Opp'n at 4.)  But *Mead v. Marino* turned not on a finding that the defendant was following too closely but on the principle that a driver should anticipate not being able to change lanes as planned.  Indeed, New York law requires as much: "A vehicle shall be driven as nearly as practicable entirely within a single land and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  N.Y. Veh. and Traf. Law § 1128(a).  Thus, having made the affirmative decision to change lanes while knowing that Oz was stopped ahead, Lorowitz had the responsibility to take care to ensure that he did so safely or, if he could not do so, return to his lane.  There is no evidence in the record that he did so.  Accordingly, Lorowitz has failed to rebut the inference that his collision into the rear of Oz's stopped vehicle was the result of Lorowitz's negligence and summary judgment for Lorowitz to that effect is warranted.

8

## IV. CONCLUSION

For the reasons discussed above, Oz's motion [~~170~~ 8] for partial summary judgment on the issue of liability is GRANTED and Lorowitz's motion [23] for summary judgment is DENIED.

SO ORDERED.

Dated: New York, New York
      February 25, 2011

                                                              Richard J. Holwell
                                                   United States District Judge